PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. July 27, 1908.)

STREET RAILROADS (§ 58*)—RECEIVERS—OPERATION OF SYSTEM—RIGHTS OF LESSORS OF CONSTITUENT LINES.

Where receivers for an insolvent lessee of a street railroad system, comprising lines leased from different owners, are operating the whole as a unitary system, they will not be required to keep the earnings of a particular line separate to meet the claims of its lessor.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. On application of Eighth Avenue and Ninth Avenue Railroads.

Byrne & Cutcheon, for Pennsylvania Steel Co.
Masten & Nichols, for receivers of New York City Ry. Co.

LACOMBE, Circuit Judge. The installments of rental overdue and unpaid when these applications were made have since been paid, and the only question now left in each case is as to the effect upon the lease of the nonpayment by the lessee of the franchise taxes, accruing in the past few years. Each of these taxes is in litigation with the state authorities under separate certiorari for each year. In the only similar case which has been adjudicated the company has so far prevailed, the referee finding that there should be a substantial reduction in the amount of the tax. Manifestly the litigation was undertaken in good faith and for the best interest of both lessor and lessee. Whether under these circumstances there has been a breach of the covenants of the lease need not be considered, because upon the argument petitioners expressly disclaimed any wish at the present time to re-enter for covenant broken. That would be the logical relief if their contention be sound. The two roads are parts of a unitary system, which can only be run as such by using the receipts on profitable fractions of the system to maintain a uniform service on nonprofitable fractions. The suggestion that whatever profit is made on petitioners' roads be not thus applied, but kept separate and distinct to meet whatever claims the petitioners may make under the leases, would probably leave the receivers without funds to provide an efficient public service elsewhere in the system, and is impracticable. If the lessor can show that the lease is broken, it should demand the property back and then present its claim for damages. But that question is not now presented nor passed upon. Petitioners will, in the course of this proceeding, receive notice of any application which would affect their rights under the leases, and intervention in the main suit is unnecessary. The request that the books be so kept as to show separately and distinctly the income from and expense of operating these two lines is one which the court is quite willing to grant, if it be practical. There are difficulties in distributing items of income and expenditure which can be relieved only by some agreement between all parties in interest as to some method of arbitrary apportionment. The books and present method of accounting will be open to petitioners, or to any experts they may send to devise some system calculated to show just what they want. When such system is devised and has been submitted to and considered by the experts for other interests, the court will then consider whether it shall be put in force.