TWENTY-THIRD ST. RY. CO. v. METROPOLITAN ST. RY. CO. et al.

(Circuit Court, S. D. New York.   March 21, 1910.)

EQUITY (§ 148*)—BILL—MULTIFARIOUSNESS.

   A lease of complainant's road to defendant railway provided that, whenever the lessee deemed it necessary to extend the line or make betterments, etc., the lessor would execute and deliver negotiable bonds for the amount required to meet the expenditures, the proceeds to be applied solely to such betterments. Complainant alleged that, while its affairs were under control of the officers and directors of defendant railway company, a majority of whom constituted complainant's directorate, complainant's note was executed to defendant trust company, ostensibly to reimburse defendant railway company for such expenditures, and charged that the amount of the note was largely in excess of the amount advanced, praying that the true amount be ascertained, bonds issued therefor, and that the note be canceled. The bill also charged that, when the note was issued, defendant railway company and its lessee were indebted to complainant for breach of covenant in the lease, in that the lessees failed to pay taxes, and to pave the streets, as required by law, for all of which complainant sought to recover. *Held*, that while the court in the proceeding to determine the amount equitably due on the note could properly construe the lease, and determine whether the amount actually expended by the lessee should be reduced by any facts existing at the time the note was executed, the charges of waste, breach of covenant to repair, and failure to pay taxes down to the commencement of the suit, rendered the bill multifarious.

   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. § 148.*]

Bill by the Twenty-Third Street Railway Company against the Metropolitan Street Railway Company and others.   On demurrer to bill.   Sustained, with leave to amend.

Parker, Hatch & Sheehan, for complainant.

Richard Reid Rogers, for defendants Interborough Metropolitan Co., Metropolitan St. Ry. Co., N. Y. City Ry. Co., and Metropolitan Securities Co.

LACOMBE, Circuit Judge. The subject-matter of this suit is a promissory note, in the usual form, dated April 30, 1907, in the amount of $2,204,929.29, payable to the Mercantile Trust Company. This note was signed by the president and treasurer of complainant, under authority of a resolution of its board of directors, at the instance of the Metropolitan Street Railway Company, in accordance with whose request the trust company, instead of itself, was named as payee. The Metropolitan Company had for some years prior to the date of the note held complainant's road under a lease which provided that, whenever the lessee deemed it necessary to extend the line, make betterments, or change the motive power, the lessor should upon request execute and deliver negotiable bonds secured by mortgage for the amounts required to meet the expenditures necessary to do such work, the proceeds of such obligations to be applied solely to the betterments for which the same are issued. This note was issued, as alleged, ostensibly to reimburse expenditures by the Metropolitan of the character above set forth.

The note is negotiable, and is not yet due. The bill charges that the amount of the note is largely in excess of the amount advanced by its lessee for betterments, and that this was well known at the time to lessor and lessee, and to the payee. It prays cancellation of the note because, as is charged, when it was made the affairs of the complainant were under the dominion and control of the officers and directors of the Metropolitan, a majority of whom constituted a majority of the directorate of complainant. In other words, breach of trust is charged against complainant's directors, knowledge thereof is charged against the trust company, cancellation of the note is prayed, and to prevent its passing in the meantime to a bona fide holder for value, injunction against its transfer is asked for. This sets out a cause of action in equity, and it is not understood that demurrants contend otherwise. Complainant, moreover, sets forth that, coming into a court of equity, it is prepared to do equity, and therefore asks that the court determine the true and correct indebtedness for which under the terms of the lease bonds should have been issued, professing its willingness thereupon to issue such bonds. Stated thus briefly, this investigation and determination by the court is a mere incident to the main relief prayed. The precise question presented will be best presented by an excerpt from complainant's brief:

"Complainant claims that the note is issued for an amount largely in excess of the amount advanced by the Metropolitan Street Railway Company, or its lessee, the New York City Railway Company, for such purposes. It also claims that at the time this note was issued the Metropolitan Street Railway Company and its lessee, the New York City Railway Company, were indebted to complainant in the sum of $1,000,000 for breach of covenant of lease, in that the lessees had failed to keep the railroad and roadbed in proper condition as required by the lease, had failed to pay taxes, and failed to pave the streets as required by law. The demurring defendants make no objection to the bill so

far as complainant seeks to have the note reduced to represent the true and correct amount expended by the Metropolitan Street Railway Company for betterments and the like; but the objection is on their part that the complainant is not entitled in a court of equity or in this suit to have a further deduction made on account of the damages sustained by reason of breach of covenant, on the broad general ground, raised by their demurrers, that such claimed deduction for damages is predicated upon a cause of action at law, and the same is unliquidated, the complainant not having recovered a judgment thereupon against the said railway companies, or either of them."

If the situation were as printed in the above quotation, there would be no difficulty in disposing of the demurrer. Should the court find for the complainant on the main charge—breach of trust or bad faith on the part of directors, with knowledge thereof brought home to the payee—and should it thereupon proceed to determine what amount of bonds the complainant ought to issue as an equitable condition for the cancellation of its note, it will have to construe the lease, and may with propriety determine whether or not on April 30, 1907, it would have been proper to reduce the amount actually expended by the lessee, and for which it was to be reimbursed, by reason of any facts then existing. All such questions are germane to the main subject of controversy, viz.: To what amount should bonds have been issued? But the bill goes far beyond the statement in the brief. It charges waste, breach of covenants to keep in repair, failure to pay taxes, not only against the lessee (and sublessee) down to April 30, 1907, but afterwards, and also against receiver, certainly down to the date of commencement of the suit. This is a totally different cause of action from the one first above set forth, and on which the equity powers of the court are invoked.

The bill is plainly multifarious, and demurrer is sustained to the specified paragraphs, with leave to complainant to amend, so as to confine the prayers for relief within the limits of the excerpt from the brief, supra.